**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Yadin Company, Inc, d/b/a Automotive Dynamics, Inc., <br><br>    Plaintiff, <br><br>    vs. <br><br>City of Peoria, et al., <br><br>    Defendants. | No. CV-06-1317-PHX-PGR <br><br> OPINION AND ORDER |

On January 9, 2007, the Court entered an order (doc. #13) that, *inter alia*, granted the Motion to Dismiss (doc. #6) filed by the City of Peoria to the extent that the Court dismissed the Yadin Company, Inc.'s sole federal claim with leave to amend, and deferred ruling on that portion of the Motion to Dismiss directed at Yadin's state law claims pending the amendment of Yadin's federal claim.[1] On February 5, 2007, Yadin filed its Amended Complaint (doc. #14) wherein it

---

[1] The Court notes that co-defendant Comet Towing, Inc. filed a notice of joinder in Peoria's Motion to Dismiss. Although the notice states that Comet Towing is joining in the entirety of Peoria's motion, the Court construes the joinder as only being in regard to those state law claims-related arguments raised by Peoria that are applicable to Comet Towing.

- 1 -

augmented the allegations pertaining to its federal claim filed pursuant to 42 U.S.C. § 1983.  Having reviewed the Amended Complaint, the Court concludes that it sufficiently states an actionable § 1983 claim in that it contains a bare allegation that the allegedly retaliatory conduct of Peoria's employees conformed to an official policy, custom, or practice.[2]  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).  That being the case, the Court will reinstate, and will now resolve, that portion of the Motion to Dismiss directed at the state law claims.[3]

A. Notice of Claim

Peoria argues in part that all of the state law claims must be dismissed because the notice of claim filed by Yadin on December 12, 2005 was untimely pursuant to A.R.S. § 12-821.01.  Under the Arizona notice of claim statute, a person with a claim against a public entity must file a notice of claim with that entity within 180 days after the claim accrues. § 12-821.01(A).  For purposes of the statute, a claim accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event instrumentality or condition which caused or contributed to the damage." § 12-821.01(B).  However, the 180-day limitations period does not commence running as to any claim which is subject to an administrative review process until the date the final review decision is issued.  § 12-821.01(C).

---

[2] The Court reaches this conclusion solely for the purposes of the Motion to Dismiss.

[3] The Court construes the remaining portion of the Motion to Dismiss as being directed at the state law claims set forth in the Amended Complaint as the relevant allegations in the state law claims are the same in both complaints.

The Court concludes that the issue of whether Yadin knew or should have known about its claim against Peoria no later than May of 2005, as argued by Peoria, or in mid-June of 2005 as argued by Yadin, cannot be resolved through the mechanism of Peoria's Rule 12(b)(6) motion given the sparseness of the record that the Court is limited to reviewing.[4]  As the Arizona courts recognize, the issue of when a claim accrued for purposes of § 12-821.01 is "usually and necessarily" a question of fact for the jury to decide. Long v. City of Glendale, 208 Ariz. 319, 326, 93 P.3d 519, 526 (App. 2004).

B. Declaratory Relief

Peoria also argues in its motion, but not expressly so in its reply, that Yadin's claim for declaratory relief in Count One fails as a matter of law. Count One seeks a declaration pursuant to A.R.S. § 12-1831 that Peoria's award of the towing contract to co-defendant Comet Towing, Inc. was improper and in violation of Peoria's procurement code and Arizona law. While Peoria's argument is not overly enlightening, the thrust of its contention is that Count One is based on the improper notion that Peoria had no right to analyze Yadin's bid other than on price and experience grounds whereas Peoria's procurement code authorizes the

---

[4] Since § 12-821.01's requirement for filing a notice of claim is a procedural requirement and not a jurisdictional one, Young v. City of Scottsdale, 193 Ariz. 110, 113, 970 P.2d 942, 945 (App. 1998), the Court has not considered any matters outside of the pleadings submitted by the parties, such as Yadin's bid protest letter. See McGrath v. Scott, 250 F.Supp.2d 1218, 1236 (D.Ariz. 2003) (Court refused to consider exhibits submitted by parties in resolving a Rule 12(b)(6) motion involving the timeliness of a notice of claim under § 12-821.01 because the requirement was not jurisdictional in nature).
   The Court has also not considered any argument raised by Peoria for the first time in its reply memorandum, such as that the towing contract at issue cannot be judicially reviewed because Yadin failed to exhaust its administrative remedies.

1  use of numerous criteria in the bid selection process.

2    The Court concludes that the propriety of a declaratory judgment is another
3  issue that cannot be decided through a Rule 12(b)(6) motion given the current
4  limited record.  While Peoria is correct that a bidder for a city contract has no
5  protected property interest in the contract award, *see* Grand Canyon Pipelines,
6  Inc. v. City of Tempe, 168 Ariz. 590, 593, 816 P.2d 247, 250 (App. 1991) (Court
7  held that an unsuccessful bidder for a public works contract had no Fourteenth
8  Amendment procedural due process claim against a municipality because a
9  bidder on a public contract has no protected property interest in the award of a
10 public contract.), Yadin, which contends that Peoria used improper factors or
11 criteria in rejecting its bid, is correct that a public contract cannot be awarded
12 arbitrarily or capriciously based on improper criteria. *See* Brown v. City of
13 Phoenix, 77 Ariz. 368, 373, 272 P.2d 358, 362 (1954) (Court, in issuing a writ of
14 mandamus to overturn a public contract award, accepted the proposition that
15 municipal officers in the exercise of their discretion to award public contracts
16 "cannot act arbitrarily or capriciously, but must observe good faith and accord to
17 al bidders just consideration, thus avoiding favoritism, abuse of discretion, or
18 corruption.")   The resolution of the issue of arbitrariness will necessarily involve a
19 comparison of the criteria Peoria actually used in awarding the contract with the
20 criteria it was obligated to use, *i.e.* that criteria contained in its request for a
21 proposal, but none of that information is formally part of the record yet.
22 C. Lost Profits

23   Peoria also argues that Yadin's claim to entitlement to lost profits fails as a
24 matter of Arizona law.  Peoria's argument is based on City of Scottsdale v. Deem,
25 27 Ariz.App. 480, 556 P.2d 328 (1976), wherein the Arizona Court of Appeals

26              - 4 -

held that a contractor unjustifiably denied a public contract award by a municipality is not entitled to damages for lost profits. 27 Ariz.App. at 482, 556 P.2d at 330.

The Court is unpersuaded by Peoria's argument since it does not take into account the fact that since the only claim wherein Yadin seeks monetary damages is its § 1983 claim, the issue of damages is governed by federal law, not Arizona law. Without now deciding the issue, given that the parties have not properly briefed it, the Court notes that some federal courts, in reliance on the principle that compensatory damages in the nature of tort liability are available in § 1983 actions, *see* Memphis Community School District v. Stachura, 477 U.S. 299, 305-307, 106 S.Ct. 2537, 2542-43 (1986), have concluded that lost profits may be available to an aggrieved public contract bidder in a § 1983 action even if the forum state's law is to the contrary. *See e.g.*, Kim Construction Co., Inc. v. Board of Trustees of Village of Mundelein, 1992 WL 281331, *5 (N.D.Ill. Oct. 6, 1992) (In a § 1983 action against a municipality by a contractor whose bid on a public contract was rejected, the court noted that the parties were "swimming in the wrong pond" by arguing whether or not state law permitted a disappointed bidder to seek lost profits because the plaintiff, assuming that it prevailed on the merits, "would be entitled to recover damages under Section 1983 regardless of the unavailability of a remedy under state law.")

D. Quo Warranto

Peoria further argues that Count Three, wherein Yadin seeks permission to bring a *quo warranto* action pursuant to A.R.S. § 12-2043(A), should be dismissed as a matter of law. The Court agrees.

The underlying basis for the quo warranto claim is Yadin's allegation that

- 5 -

Peoria has wrongfully allowed Comet Towing to improperly and illegally usurp the "towing franchise" that Yadin alleges it is entitled to hold.  Peoria argues, and the Court concurs, that a *quo warranto* action is not an appropriate remedy for the wrong alleged by Yadin inasmuch as the towing contract at issue is not a "franchise" for purposes of Arizona law.

A franchise for purposes of a *quo warranto* action has traditionally been defined as a special privilege conferred by a government to do that which does not belong to its citizens generally by common right.  *See e.g.,* State ex Inf. McKittrick v. Murphy, 148 S.W.2d 527, 530 (Mo. 1941); 65 Am.Jur.2d § 41 (2001); *see also*, City of Tucson v. U.S. West Communications, Inc., 284 F.3d 1128, 1131 (9th Cir. 2002) ("A franchise is a grant of the right to use public property in a particular way[.]")   Notwithstanding Yadin's argument that the towing contract involves certain uses of Peoria's streets that are not allowed to the general public, the towing contract is conceptually different from the uses of public streets and rights of way by such entities as public utilities and telecommunications companies which are considered to be franchises under Arizona law.  This difference is evident by the fact that the Arizona Constitution provides in Art. 13, § 4 that no municipal corporation may grant or renew a franchise without the approval of a majority of the relevant electorate, and certainly no public vote is required for a municipal towing contract to be awarded; Arizona law instead specifically provides that municipalities may enter into contractual agreements with towing firms for towing and/or storage services.  *See* A.R.S. § 28-1108(E).  Therefore,

IT IS ORDERED that defendant City of Peoria's Motion to Dismiss (doc. #6) is reinstated to the extent that it pertains to the state law claims in the

1  Amended Complaint.

2  IT IS FURTHER ORDERED that defendant City of Peoria's Motion to
3  Dismiss (doc. #6) is granted as to the state law claims in the Amended Complaint
4  (doc. #14) solely to the extent that Count Three of the Amended Complaint
5  (Request for Leave to Bring Quo Warranto Action) is dismissed pursuant to
6  Fed.R.Civ.P. 12(b)(6) and the motion is denied as to the remainder of the state
7  law claims.

8  IT IS FURTHER ORDERED that the parties' Stipulation to Extend Time to
9  Respond to Plaintiff's Amended Complaint (doc. #16) is accepted to the extent
10  that the defendants shall respond to the Amended Complaint no later than **March
11  19, 2007**.

12  DATED this 21st day of February, 2007.

Paul G. Rosenblatt
United States District Judge

- 7 -